

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# Genesis Eldercare v. OSHRC

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4380

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Genesis Eldercare v. OSHRC" (2005). *2005 Decisions.* Paper 361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-4380

GENESIS ELDERCARE d/b/a COOPER RIVER EAST CENTER,

Petitioner

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION,

Respondent

Petition for Review of an Order of the
Occupational Safety and Health Review Commission
Agency No. 03-0300

Submitted pursuant to Third Circuit LAR 34.1(a)
September 16, 2005

Before: ROTH, McKEE and FISHER, Circuit Judges

OPINION

McKEE, Circuit Judge.

Genesis Eldercare petitions for review of a decision by the Occupational Safety

and Health Review Commission which affirmed the Secretary of Labor's citations for

serious violations of the Occupational Safety and Health Act, 29 C.F.R. §

1910.1030(d)(2)(I). For the reasons below, we will affirm the Commission's decision

and deny the petition for review.

I.

Inasmuch as we are writing primarily for the parties, we need not recite the facts or procedural history. As we stated in *Alden Leeds, Inc. v. Occupational Safety and Health Review Commission*, 298 F.3d 256, 260 (3d Cir. 2002): "We review the Commission's findings of fact as conclusive if supported by substantial evidence on the record, considered as a whole." *Id*. (citing 29 U.S.C. § 660(a)). Adjudicatory conclusions are reviewed to determine if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id*. (citing 5 U.S.C. § 706(2)(A); *Atlantic & Gulf Stevedores, Inc. v. OSHRC*, 534 F.2d 541, 547 (3d Cr. 1976)).

II.

The relevant portion of the Occupational Safety and Health Act requires that:

> Engineering and work practice controls shall be used to eliminate or minimize employee exposure. Where occupational exposure remains after institution of these controls, personal protective equipment shall also be used.

29 C.F.R. § 1910.1030(d)(2)(I).

> "Engineering controls" means controls (e.g., sharps disposal containers, self-sheathing needles, safer medical devices, such as sharps with engineered sharps injury protections and needleless systems) that isolate or remove the bloodborne pathogens hazard from the workplace.

Id. § 1910.1030(b). Genesis argues that these regulations are unconstitutionally vague because they do not specifically identify add-on devices as a mandatory requirement. The ALJ rejected this claim explaining that "[a]dd-on needle guards

2

are controls that isolate the bloodborne pathogen hazard created by using a pre-filled syringe without a built-in guard" and therefore fall under the definition of engineering controls. Petitioner's App. 12. The ALJ believed that the absence of the words "add-on devices" was irrelevant. The list of controls in the definition is preceded by "e.g.," which indicates that the list is illustrative, not exclusive. *Id*. Additionally, Genesis had fair notice that the regulation applied to add-on devices because Cooper River East's 2002 Bloodborne Pathogens Exposure Control Plan identified add-on devices as an "engineering control."

The Secretary may prove employer knowledge by establishing the foreseeability of the violations. Foreseeability can be established by demonstrating the inadequacy of the employer's safety program, training or supervision. *Secretary of Labor v. Interstate Brands Corp.*, 20 O.S.H. Cas. (BNA) 1102, *2 (2003). In the instant case, Genesis concedes that several of its employees were inadequately trained and failed to follow safety protocols. Petitioner's Br. at 24-25. Under a reasonable diligence standard, which "requires adequate supervision of employees and the formulation and implementation of an adequate training program and work rules," a failure to meet even one of the listed requirements constitutes a lack of reasonable diligence. *Secretary of Labor v. Mosser Constr. Co.*, 15 O.S.H. Cas. (BNA) 1408 (1991). Thus, the Secretary has shown training and supervision to be inadequate. This showing also undermines Genesis'

3

assertion that two nurses' failure to use add-on devices constituted unpreventable employee misconduct.

We also reject Genesis' challenge to the penalty that was imposed. When assessing penalties, the Commission must give due consideration to four factors: the size of the employer's business; the gravity of the violation; the employer's good faith; and the employer's prior history of violations. *Secretary of Labor v. J.A. Jones Construction*, 15 O.S.H. Cas. (BNA) 2201, *15 (1993). Nothing on this record establishes that the ALJ misapplied these factors here. Moreover, the penalty assessed was significantly below the statutory maximum of $7,000.00. 29 U.S.C. § 666(b).

## III.

For the reasons above, we will affirm the Commission's decision and deny the petition for review.